IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DEDRICK LEMONT HICKEY,  )
            )
  Plaintiff,     )
            )
v.           )  Case No. CIV-20-1134-R
            )
OKLAHOMA COUNTY SHERIFF'S )
DEPARTMENT, et al.,    )
            )
  Defendants.    )

## REPORT & RECOMMENDATION

Plaintiff, appearing pro se, brings this action under 42 U.S.C. § 1983, seeking relief from conditions at the Oklahoma County Detention Center. Doc. 1, at 3-4.[1] United States District Judge David L. Russell referred the matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Docs. 4, 14.

Plaintiff names as Defendants the Oklahoma County Sheriff's Department and Public Defender Nicole Burns. Doc. 1, at 1-2. As well, Plaintiff names as Defendants "Jail Administrators," "Detention Officers," and Sheriff P.D. Taylor, whom he alleged "had power and control over [him]" while he "was a prisoner at his jail," Doc. 1, at 1-2; *id.* Ex. 1, at 1. Defendant Oklahoma

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

County Sheriff's Department moved to dismiss Plaintiff's claims against it,

arguing Plaintiff's complaint must be dismissed as the Sheriff's Department

lacks capacity to be sued. Doc. 36, at 1. Defendant Public Defender Burns also

moved to dismiss, arguing that she was not acting under color of state law

while she performed traditional functions of defense counsel. Doc. 39, at 5.

The Court should grant the motions to dismiss filed by the Oklahoma

County Sheriff's Department and Public Defender Nicole Burns and dismiss

Plaintiff's claims against them with prejudice.[2] The Court should also dismiss

Plaintiff's claims against Sheriff Taylor, Jail Administrators, and Detention

Officers without prejudice under Fed. R. Civ. P. 4, as Plaintiff failed to serve

any of these Defendants.

## I.      Plaintiff's claims.

---

[2]      Plaintiff did not respond to Defendants' motions to dismiss, and his time
to do so has lapsed. *See* Doc. 41 (establishing deadline for Plaintiff's response).
The Court may therefore, in its discretion, consider Respondent's motion
confessed. LCvR7.1(g). The undersigned has considered the merits, though,
and finds dismissal appropriate. *See Issa v. Comp USA*, 354 F.3d 1174, 1178
(10th Cir. 2003) (When the non-moving party fails to file a response to a motion
to dismiss for failure to state a claim, "the district court must still examine the
allegations in the plaintiff's complaint and determine whether the plaintiff has
stated a claim upon which relief can be granted."); *Walker v. United Parcel
Serv., Inc.*, 240 F.3d 1268, 1272 (10th Cir. 2001) ("[T]he law favors the
resolution of legal claims on the merits.") (quoting *Gocolay v. N.M. Fed. Sav. &
Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992)).

Plaintiff raises several claims related to jail conditions. He claims he has not been given "[a]ccess to law library and legal services like notary and grievance process." Doc. 1, at 3. He argues that "without these services it is very difficult to defend yourself pro se." *Id.* at 4. He also claims he undergoes "cruel and unusual punishment and unsanitary living conditions like bed bugs, mold on feeding trays, four or more days of not coming out of [his] cell for showers or recreation" and, due to these conditions, "mental anguish." *Id.* at 3. He also alleges suffering from overcrowding, "like three people in a two man cell and one [of] us having to sleep on the floor." *Id.*

Plaintiff claims the jail is "putting [him] in danger by putting [him] in living conditions or on pods with gangs, races, and staff members that [he has] had physical conflict with in the past." Doc. 1, Ex. 1, at 3. He also alleges "[t]hreats being made . . . by staff members about what [they're] going to do to [him] and [his] safety." *Id.* Specifically, he alleges he was twice attacked in the shower by a detention officer who "walked up on [him] while [he] was in the shower and sprayed [him] with his pepper spray because [he] wasn't getting out of the shower fast enough." *Id.* at 2. He also alleges misappropriation of his trust fund account, racial discrimination, and lack of medical services for the bed bug bites he has endured. *Id.* at 1, 3.

3

Unrelated to jail conditions and treatment by jail staff, Plaintiff claims "Public Defender Nicole Burns withheld information from [him] about [his] case and also gave [him] false information about the case." *Id.* at 3. He alleges he "asked her to file motions and help [him] with [his] defense and she refused." *Id.*

He seeks "[a]ny relief that is available," his release, and $750,000.00 in damages. Doc. 1, at 7. He also requests that the Court appoint him counsel. *Id.*

## II.    The Court's construction of pro se pleadings.

This Court construes a pro se litigant's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Additionally, a litigant's pro se status does not excuse him from complying with the fundamental requirements of the Federal Rules of Civil Procedure. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

## III.   The Court should grant the motions to dismiss filed by the Oklahoma County Sheriff's Department and Public Defender Burns.

### A.    Fed. R. Civ. P. 12(b)(6).

A party may move to dismiss a claim under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is proper when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [complaint] alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In reviewing sufficiency, "[a]ll well-pled factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party." *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

**B.     Oklahoma County Sheriff's Department's motion to dismiss.**

The Oklahoma County Sheriff's Department asserts that Plaintiff cannot state a claim against it because it lacks capacity to be sued because it has no legal identity distinct from that of Oklahoma County. Doc. 36, at 1-2.

Section 1983 creates a private right of action "against any person who, under color of state law, deprives another individual of 'any rights, privileges or immunities secured by the Constitution and laws.'" *Ripley v. Wyo. Med. Ctr.,*

*Inc.*, 559 F.3d 1119, 1121-22 (10th Cir. 2009) (quoting 42 U.S.C. § 1983). A governmental entity's capacity to be sued, though, is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b); *see also White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (noting that "[t]he law of the state in which the district court sits governs the capacity of a governmental entity to sue or to be sued" and upholding dismissal of suit against county jail under Utah law).

Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12 § 2017(B). And while each organized county may be sued, *id.* tit. 19 § 1, such a suit must be filed against the board of county commissioners, *id.* § 4.

As a result, this Court has held that the Oklahoma County Sheriff's Department lacks capacity to be sued under Oklahoma law. *West v. Okla. Cty. Jail*, Case No. CIV-09-528-F, 2009 WL 1751468, at *2 (W.D. Okla. June 18, 2009); *see also Dent v. Craig*, 2020 WL 3578050, at *2 (E.D. Okla. July 1, 2020) ("With respect to the Wagoner County Sheriff's Department, courts in this circuit have repeatedly determined that local police departments do not have legal identities apart from the municipalities or counties they serve.") (collecting cases).

Plaintiff has therefore failed to state a claim against the Oklahoma County Sheriff's Department.

### C.    Public Defender Burns' motion to dismiss.

Public Defender Burns asserts that Plaintiff cannot state a claim against her because, in general, public defenders cannot be sued for actions entailing their traditional functions as counsel to a defendant in a criminal proceeding. Doc. 39, at 4-5.

To the extent that Plaintiff sues Burns in her individual capacity, he must allege his rights were violated by a person acting under color of state law to obtain relief under § 1983. *Hall v. Whitman*, 584 F.3d 859, 864 (10th Cir. 2009). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Harris v. Champion*, 51 F.3d 901, 910 (10th Cir. 1995). Plaintiff's allegations against Public Defender Burns fall squarely within the realm of defense counsel's traditional functions: he alleges "she refused" to "file motions and help [him] with [his] defense," Doc. 1, Ex. 1, at 3. *See Ruiz v. Lavery*, 853 F. App'x 314, 315 (10th Cir. 2021) (Defendant public defender was not acting under color of state law when he allegedly "fail[ed] to adequately conduct discovery."); *Reese v. Denton*, No. 18-744-D, 2019 WL 2612663, at *1 (W.D.

Okla. Mar. 13, 2019) (Defendant public defender was not acting under color of state law when he allegedly "caused critical motions to be denied and pressured Petitioner to enter a guilty plea."), *adopted*, 2019 WL 1579697 (W.D. Okla. Apr. 12, 2019).

To the extent Plaintiff sues Burns in her official capacity, his claims against her are tantamount to claims against the Office of the Public Defender. *See Will v. Mich. State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Such state agencies are immune to Section 1983 suits under the Eleventh Amendment, U.S. CONST. amend. XI, unless the state has waived immunity. *Id.* at 66. The State of Oklahoma has not done so. *See* Okla. Stat. tit. 51, § 152.1(B) ("[I]t is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution."). Therefore, Plaintiff's claims against Burns in her official capacity fail under the Eleventh Amendment.

Plaintiff has failed to state a claim against Burns, either in her individual or her official capacity.

IV. **The Court should dismiss Plaintiff's claims against Sheriff P.D. Taylor, Jail Administrators, and Detention Officers under Fed. R. Civ. P. 4.**

Plaintiff originally named as Defendants Sheriff P.D. Taylor, Jail Administrators, and Detention Officers but failed to effect service upon them. Doc. 1, at 1-2, Ex. 1, at 1; Doc. 31.

Fed. R. Civ. P. 4 requires a plaintiff to effect service upon each defendant within ninety days of filing the complaint or by the court-appointed deadline. *See* Fed. R. Civ. P. 4(m). If a plaintiff fails to satisfy this service requirement, the court must dismiss the claims against any unserved defendants. *See id.* ("If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

The Court warned Plaintiff of his duty to serve each Defendant. Doc. 15. When Plaintiff failed to serve any Defendant, the Court ordered Plaintiff to either show good cause or cure this deficiency by effecting service. Doc. 22. The Court also warned Plaintiff that further inaction could result in dismissal under Fed. R. Civ. P. 4(m). *Id.* Plaintiff eventually informed the Court that he had failed to comply with the service requirement because the prison had transferred him after an unrelated outbreak of violence. Docs. 25, 27. Given these circumstances, the Court again extended Plaintiff's service deadline. Doc. 27.

By this time, Plaintiff informed the Court, Defendants Taylor and Jail Administrators were "no longer associated with the Oklahoma County Sheriff[']s Department," so Plaintiff could not obtain their addresses to serve them. Doc. 31. Plaintiff instead requested leave to "proceed with process and service upon the two Defendants, Oklahoma County Sheriff[']s Department and Public Defender Nicole Burns." *Id.* Indeed, the undersigned's review of the docket reveals Defendants Taylor, Jail Administrators, and Detention Officers were never served.

Dismissal is warranted under Fed. R. Civ. P. 4 when the court has advised the plaintiff that failure to comply with the service requirement could result in dismissal and provided sufficient time for the plaintiff to show good cause for his lack of compliance. *Smith v. Glanz*, 662 F. App'x 595, 597-98 (10th Cir. 2016) (upholding dismissal under Fed. R. Civ. P. 4(m) where "the district court first notified [plaintiff] of its intention to dismiss the claims against [defendants] for failure of service and gave [plaintiff] time to show good cause for the failure of service.").[3]

---

[3] As well, a court may dismiss an action under Fed. R. Civ. P. 41(b) if the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Courts have consistently interpreted this rule to permit sua sponte dismissal. *Huggins v. Supreme Court of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("'A district court undoubtedly has

After the Court so advised Plaintiff, he opted not to effect service upon Defendants Taylor, Jail Administrators, and Detention Officers. *See* Doc. 31. The undersigned therefore recommends dismissal of Plaintiff's claims against Taylor, Jail Administrators, and Detention Officers because these Defendants were never served, as required by Fed. R. Civ. P. 4.

## V.     Recommendation and notice of right to object.

The undersigned recommends the Court grant Defendant Oklahoma County Sheriff's Department's and Defendant Public Defender Nicole Burns' motions to dismiss, Docs. 36, 39, and dismiss Plaintiff's claims against them with prejudice. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (holding that where "amendment would be futile," the court may dismiss a claim with prejudice). The undersigned recommends the Court dismiss Plaintiff's claims against Defendants Sheriff Taylor, Jail Administrators, and Detention Officers without prejudice under Fed. R. Civ. P. 4.[4]

---

discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'" (citation omitted)). And if dismissal is without prejudice, the court may dismiss without attention to the non-exhaustive list of factors that, by contrast, must inform a dismissal with prejudice. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.

[4]     Plaintiff requests that an attorney be appointed to represent him in this matter. Doc. 1, at 7. Adoption of this Report and Recommendation and dismissal of Plaintiff's complaint would moot Plaintiff's request for counsel.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before November 8, 2021. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives her right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 18th day of October, 2021.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE