# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEDRICK LEMONT HICKEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. CIV-20-1134-R |
| | ) |
| **OKLAHOMA COUNTY SHERIFF'S DEPARTMENT, et al.,** | ) ) ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights with regard to certain conditions at the Oklahoma County Detention Center. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings. On October 18, 2021, Judge Mitchell issued a Report and Recommendation wherein she recommended that the Motion to Dismiss filed by Defendant Oklahoma County Sheriff's Department be granted, because the entity is not subject to suit pursuant to Oklahoma law. She further recommended that the Motion to Dismiss filed by Defendant Nicole Burns, a public defender, be granted, because Plaintiff failed to allege facts to support the inference that Ms. Burns operated "under color of state law" as required before she may be held liable under § 1983, and public defenders do not operate "under color of state law" in providing a defense to an indigent client. Finally, because Plaintiff was unable to secure the addresses and to effect service on Defendant P.D. Taylor and certain jail administrators, because they are no longer associated with the Oklahoma County Jail, Judge Mitchell recommended

dismissal pursuant to Rule 4. (Doc. No. 43). The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. (Doc. No. 44). Having construed his objection in this manner, the Court finds as follows.

The first paragraph of Plaintiff's objection addresses an issue common throughout his filings, his transfer between the Oklahoma County Detention Center and the Cleveland County Detention Center. Apparently in the various moves over the last seven months, most of Plaintiff's legal materials have been misplaced or discarded by officials.[1] He says he did not receive a special report, which is not problematic, because no report was filed. Rather, on June 8, 2021, Judge Mitchell suspended the obligation to file a report in light of the pending motions to dismiss. (Doc. No. 41). Plaintiff does not take issue with Judge Mitchell's conclusions regarding the Oklahoma County Sheriff's Department or Defendant Burns. Rather, he states that because of his pro se status he was unaware of immunity laws when he filed the Complaint. (Doc. No. 44, p. 2). Accordingly, the Report and Recommendation is adopted as to Defendants the Oklahoma County Sheriff's Department and Defendant Burns, and Plaintiff's claims against these Defendants are hereby dismissed.

Plaintiff completes his objection by asserting that he wishes to be given an opportunity to amend his complaint, or alternatively, dismissal should be without prejudice

---

[1] On July 23, 2021, Plaintiff filed a Notice with the Court indicating that he had been transferred between the two facilities and discovered that his legal property was missing. (Doc. No. 42). He requested copies of the special report and any motions because he anticipated service had been made to the Cleveland County Detention Center, while he was at the Oklahoma County Jail. It appears from the docket sheet that the Sheriff's Department sent a copy of its Motion to Dismiss to the Cleveland County Detention Center, and that Defendant Brown sent her motion to the Oklahoma County Detention Center.

to permit him an attempt to "figure out the appropriate part[ies] to the complaint." (Doc. No. 44, p. 3). In light of Plaintiff's current inability to ascertain the appropriate Defendants or how to effect service on persons previously affiliated with the Oklahoma County Jail, the Court concludes that dismissal without prejudice is the most prudent course of action. Accordingly, the Court hereby ADOPTS the Report and Recommendation to the extent it is consistent with this Order and dismisses the Complaint without prejudice.

**IT IS SO ORDERED** this 9th day of November 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE